November 23, 1908.

————o————

No. 4537.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF ALEXANDER SCOTT.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "C."

E. T. Florance, for Public Administrator.

Geo. W. Kendall, Jas. J. McLoughlin, for Succession.

E. H. McCaleb, for Opponent.

DUFOUR, J. Alexander Scott having died intestate in 1907, his sister, Mrs. Malvina Stewart, qualified as administratrix and, in due course, the property of the succession was sold to pay debts.

In the final account filed by her, showing a balance for distribution it was stated: "Which balance the administratrix intends to retain as her individual property, she being the sole and only heir of the deceased."

To this account, one Ambrosine Epps filed an opposition claiming one-half of the net proceeds of part of the real estate and alleging that she was the sister and only heir of Harriet Scott, wife of Alexander Scott, and that the property belonged to the community.

From a judgment rejecting her demand, opponent has appealed.

In order to obtain the relief she asks, opponent must show that she is the sister of Harriet Scott and that the latter was married to Alexander Scott.

As to the claim that Harriet Scott and opponent were the only legitimate children of the same father and mother it is probable that the district Judge was not impressed by the unsupported testimony of opponent as to matters necessarily not within her personal knowledge. The non-production of a marriage certificate or witnesses to the marriage or of secondary evidence *aliunde* and the fact that opponent bore two names would seem to justify this view.

The parties to this controversy and their witnesses are ignorant colored people whose ideas of age and time are confused and unreliable, and who seem unable to distinguish between fact and inference.

There is no primary evidence of marriage offered, but several witnesses are produced who, by way of secondary or circumstantial proof, testify that Scott and Harriet lived together, were looked upon as married by those who knew them, and that Scott had told them that Harriet was his wife.

Most of these witnesses say that she was a member of Wesley Chapel of the Colored Methodist Episcopal Church, which she attended regularly with her husband who paid her church dues.

Yet, a certified copy of the church membership records furnished by the present pastor and ranging from 1869, the date of the alleged marriage, to 1889, the year before Harriet died, shows that her name does not appear as a member.

Other witnesses, in the number an old fellow soldier in the Federal army and life-long friend of Scott, says that he repeatedly told them he was not married, and that he could not marry Harriet because her husband was living.

Where testimony is so hopelessly conflicting and the credibility of witnesses is involved, we do not feel at liberty to disturb the conclusion of the district Judge that the opponent, upon whom lay the burden of proof, had failed to establish her claims.

Judgment affirmed.